IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20276
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS AGUIRRE, also known as Jorge Gonzalez Patino,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-405-3
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Jose Luis Aguirre appeals his sentence for his convictions
for conspiring to possess with intent to distribute cocaine and
aiding and abetting possession with intent to distribute cocaine.
Aguirre argues that the district court improperly enhanced his
offense level for possessing a dangerous weapon in connection
with the drug trafficking offense.  The sentencing guidelines
provide that a defendant's offense level should be increased in
relation to a drug crime if the defendant possessed a dangerous
weapon.  See U.S.S.G. § 2D1.1(b)(1); United States v. Gaytan, 74

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.3d 545, 559 (5th Cir. 1996). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.3); see United States v. Vasquez, 161 F.3d 909, 912 (5th Cir. 1998).

The weapons were found in Aguirre's residence, which was used to store large quantities of drugs to be distributed in smaller amounts. See United States v. McKeever, 906 F.2d 129, 134 (5th Cir. 1990). As it is not "clearly improbable" that the firearms were connected to the offense, the district court did not clearly err in applying the enhancement under § 2D1.1(b). United States v. Broussard, 80 F.3d 1025, 1041 (5th Cir. 1996).

AFFIRMED.